**IT IS HEREBY ADJUDGED and DECREED this is SO ORDERED.**

The party obtaining this order is responsible for noticing it pursuant to Local Rule 9022-1.

**Dated: October 08, 2009**



# TIFFANY & BOSCO
### P.A.

**2525 EAST CAMELBACK ROAD**
**SUITE 300**
**PHOENIX, ARIZONA 85016**
**TELEPHONE: (602) 255-6000**
**FACSIMILE: (602) 255-0192**

_____
**RANDOLPH J. HAINES**
**U.S. Bankruptcy Judge**
_____

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

09-22248/143787949

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

IN RE:

Jessica Van Nguyen
    Debtor.
_____
Mortgage Electronic Registration Systems as
nominee for BAC Home Loans Servicing, LP
    Movant,
  vs.

Jessica Van Nguyen, Debtor, Roger W. Brown,
Trustee.

    Respondents.

No. 2:09-BK-20768-RJH

Chapter 7

ORDER

(Related to Docket #14)

   Movant's Motion for Relief from the Automatic Stay and Notice along with the form of proposed Order Lifting Stay, having been duly served upon Respondents, Respondents' counsel and Trustee, if any, and no objection having been received, and good cause appearing therefor,

   IT IS HEREBY ORDERED that all stays and injunctions, including the automatic stays imposed

by U.S. Bankruptcy Code 362(a) are hereby vacated as to Movant with respect to that certain real property which is the subject of a Deed of Trust dated August 17, 2006 and recorded in the office of the Maricopa County Recorder wherein Mortgage Electronic Registration Systems as nominee for BAC Home Loans Servicing, LP is the current beneficiary and Jessica Van Nguyen has an interest in, further described as:

> Lot 45, of Morningstar Estates, according to the plat of record in the Office of the County Recorder of Maricopa County, Arizona, recorded in Book 712 of maps, page 16.

IT IS FURTHER ORDERED that Movant may contact the Debtor by telephone or written correspondence regarding a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement with Debtors. However, Movant may not enforce, or threaten to enforce, any personal liability against Debtors if Debtors' personal liability is discharged in this bankruptcy case.

IT IS FURTHER ORDERED that this Order shall remain in effect in any bankruptcy chapter to which the Debtor may convert.


DATED this _____day of _____, 2009.


_____
JUDGE OF THE U.S. BANKRUPTCY COURT